IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:16-CV-00889-D

| | |
|---|---|
| OPTIMA TOBACCO CORPORATION,<br>a Florida Corporation,<br><br>          Plaintiff,<br><br>v.<br><br>U.S. FLUE-CURED TOBACCO<br>GROWERS, INC., and UETA, INC.,<br><br>          Defendants. | CONSENT PROTECTIVE ORDER<br>Fed. R. Civ. P. 26(c)<br>**(AS MODIFIED)** |

The parties maintain information and documents that may be subject to discovery requests in this action, and which they claim to be confidential due to their proprietary nature and/or their commercial sensitivity in light of the parties' adversarial positions in this litigation and the parties' participation in the marketplace for the manufacture and sale of tobacco products.

IT IS HEREBY ORDERED as follows:

1. This Protective Order shall govern all confidential information, testimony, documents, and things produced by any party or non-party from whom discovery or testimony is sought or during the pendency of this case, shall apply in connection with all depositions and trial testimony regarding any such information, documents, drawings, or things, and is applicable to any confidential information, documents, or things produced or filed by any party or non-party from whom discovery or testimony is sought during the course of this case, including any appeal.

2. Any party or non-party from whom discovery or testimony is sought who provides or produces testimony, information, and/or documents (a "Producing Party") may

designate the testimony, information, and/or documents being provided or produced as "CONFIDENTIAL" in accordance with the terms of this Protective Order.

3. Only information that is personally sensitive, commercially sensitive, nonpublic, confidential, or proprietary and that is not generally available may be designated as "CONFIDENTIAL." This information includes but is not limited to personal information that is not usually disclosed (such as passwords, birthdates, social security numbers, account information, health or biographical information), proprietary business information, competitively sensitive information such as pricing, volume, and/or margins, or other confidential information concerning the subject matter of this litigation that is believed to be unknown or unavailable to the public.

4. All testimony, information, and/or documents designated as "CONFIDENTIAL" (hereinafter "Confidential Information") shall be used solely in connection with pretrial proceedings, trial preparation, trial, or other proceedings in this litigation, and not for any other purpose.

5. Documents may be designated by a Producing Party as "CONFIDENTIAL" by being stamped with a designation so as to clearly indicate their status as "CONFIDENTIAL" documents. A Producing Party may designate testimony given in deposition or in other pretrial or trial proceedings as "CONFIDENTIAL" by (a) declaring the same on the record before the close of the deposition, hearing, or other proceeding, or (b) in the case of a deposition, designating specific lines and pages as "CONFIDENTIAL" and serving such designations in writing within ten (10) days of receipt of the deposition transcript. The entirety of all deposition transcripts shall be treated as "CONFIDENTIAL" for the ten-day period following receipt of the transcript. After the ten-day period, only those portions of the testimony that are appropriately

designated for protection shall be covered by the provisions of this Protective Order. Transcript pages containing designated testimony must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," as instructed by the Producing Party making the designation. In the event that, during a deposition, counsel reasonably and in good faith anticipates that a question or line of questioning will elicit testimony that may properly be designated as "CONFIDENTIAL," then that counsel may instruct any person in the deposition room who is not authorized by this Protective Order to have "CONFIDENTIAL" information disclosed to them (including parties or representatives of parties, if applicable) to leave the room until the question or line of questioning has concluded.

6. The inadvertent or unintentional disclosure of any confidential information without a proper designation shall not be construed as a waiver, in whole or in part, of any party's claim of confidentiality, either as to the specific confidential information disclosed or with regard to other related information. Any Producing Party may designate information as "CONFIDENTIAL" subsequent to its initial disclosure by providing written notification to the other parties of its confidential nature and, under such circumstances, the information shall be treated as confidential absent contrary instructions from the Court.

7. This Protective Order prohibits the disclosure of Confidential Information and also prohibits the discussion of such Confidential Information with any person to whom disclosure is not specifically authorized by this Protective Order.

8. Confidential Information designated as "CONFIDENTIAL," any copies thereof, or notes made therefrom may be disclosed only to "Qualified Persons." Qualified Persons are limited to:

a. counsel of record and/or any in-house counsel for the parties to this action;

b. the paralegals and clerical staff employed by counsel of record for the preparation of and trial of this action;

c. the parties, including their employees, agents, and representatives personally involved in the prosecution or defense of this action;

d. any expert witnesses employed by any party in connection with this action;

e. any mediator(s) designated by the parties to conduct mediation in this action; and

f. the Court and all Court personnel, including court reporters, in the conduct of their official duties.

9. Notwithstanding any other provision of this Protective Order that may be construed to the contrary, any Producing Party may disclose its own Confidential Information to any person without complying with the provisions of this Protective Order; however, the circumstances of such disclosure may be taken into account by the parties, their attorneys, and the Court in determining whether an item is confidential for purposes of this Protective Order. Further, during depositions of persons employed by a Producing Party that has supplied Confidential Information, counsel may disclose the Confidential Information produced by that Producing Party to the deponent and ask questions based on that Confidential Information without obtaining any executed, written assurance.

10. Should counsel for any party desire to provide Confidential Information to anyone in addition to Qualified Persons, as defined in Paragraph 8 above, such counsel shall provide counsel for the Producing Party that produced such Confidential Information with ten (10) days'

prior written notice of such desire, including the name and address of the proposed Additional Person(s) and a copy of an Acknowledgement in the form of Exhibit A, attached hereto, executed by the proposed Additional Person(s). If counsel for the Producing Party objects within the ten-day period, then such Confidential Information may not be disclosed to the proposed Additional Person(s) absent the Producing Party's written consent or a ruling by this Court. If counsel for the Producing Party does not object within the ten-day period, then the Confidential Information produced by that Producing Party may be provided to the proposed Additional Person(s).

11. Each party's counsel shall maintain a list of names, business titles, and business addresses of all persons (excluding counsel of record, counsels' law firm personnel, or those persons listed in paragraph 8.e, above) to whom that counsel has disclosed Confidential Information.

12. Prior to filing with the Court any Confidential Information or information contained or derived from Confidential Information, the party seeking to file such materials shall file a motion to seal such materials in accordance with Local Civil Rule 79.2 and Section V.G of the CM/ECF Policy Manual for the Eastern District of North Carolina.

13. Any party may contest the designation of material produced or testimony given as "CONFIDENTIAL."

14. The parties shall attempt to informally resolve any disputes regarding designations or objections to the disclosure of Confidential Information to Additional Person(s). If such disputes or objections cannot be resolved informally, any party may move for the Court for appropriate relief to resolve the matter. Regardless of which party moves the Court, the Producing Party that made the designation or objection at issue shall bear the burden of

demonstrating that the material is confidential and should continue to be protected from disclosure by this Protective Order. However, until such time as the Court, after hearing from both sides, specifically rules otherwise, the contested material shall be treated as Confidential Information, shall remain subject to the provisions of this Protective Order, and shall not be disclosed over any Producing Party's objection.

15. Within sixty (60) days of the final termination of this action, all documents marked as "CONFIDENTIAL," including each copy thereof and each document which incorporates, in whole or in part, any information designated as "CONFIDENTIAL" (including, but not limited to, notes or summaries concerning or pertaining to such Confidential Information) shall be verified as having been destroyed or returned to the Producing Party who provided it. Documents referenced or incorporated in any expert report will be maintained by the expert(s) pursuant to their professional record-keeping requirements and shall be maintained in strictest confidence and not shared with any individual.

16. Notwithstanding any other provision of this Protective Order that may be construed to the contrary, however, counsel shall be allowed to keep complete copies of all court filings, even if they contain Confidential Information, with the understanding that such information shall remain confidential and forever remain subject to all terms of this Protective Order.

17. The restrictions contained herein with respect to the communications and disclosure to others of Confidential Information shall continue in full force and effect during the pendency of and following conclusion of this case and shall be duly binding upon each receiving party, its counsel, agents, and employees.

18. Nothing in this Protective Order shall diminish any party's right to contend that the documents, information, or testimony produced herein without a designation of "CONFIDENTIAL" are nonetheless confidential or proprietary and subject to appropriate protection under applicable law. The procedures established by this Protective Order are intended to be cumulative and in addition to any party's right to seek any further or different protection from the Court for any document, information, or testimony.

18. Nothing in this Protective Order shall diminish any party's right to contend that the documents, information, or testimony produced herein without a designation of "CONFIDENTIAL" are nonetheless confidential or proprietary and subject to appropriate protection under applicable law. The procedures established by this Protective Order are intended to be cumulative and in addition to any party's right to seek any further or different protection from the Court for any document, information, or testimony.

AGREED TO AND APPROVED FOR ENTRY:

/s/ Gary J. Rickner (with permission)
Gary J. Rickner
Caroline B. McLean
Ward & Smith, P.A.
P.O. Box 33009
Raleigh, NC 27636-3009
Telephone: 919-277-9100
Fax: 919-277-9177
gjr@wardandsmith.com
cbmclean@wardandsmith.com

*Counsel for Optima Tobacco Corporation*


/s/ Troy D. Shelton
Thomas H. Segars
Troy D. Shelton
Ellis & Winters LLP
P.O. Box 33550
Raleigh, NC 27636
Tel: (919) 865-7000
Fax: (919) 865-7010
tom.segars@elliswinters.com
troy.shelton@elliswinters.com

*Counsel for UETA, Inc.*

Lee M. Whitman (with permission)
Lee M. Whitman
Paul J. Puryear, Jr.
Wyrick Robbins Yates & Ponton LLP
4101 Lake Boone Trail, Suite 300
Raleigh, NC 27607
Telephone: (919) 781-4000
Fax: (919) 781-4865
lwhitman@wyrick.com
ppuryear@wyrick.com

Derek L. Shaffer
Keith Forst
Quinn Emmanuel Urquhart & Sullivan, LLP
777 6th Street NW, 11th Floor
Washington, DC 20001
Telephone: 202-538-8000
Fax: 202-538-8100
derekshaffer@quinnemanuel.com
keithforst@quinnemanuel.com

*Counsel for U.S. Flue-Cured Tobacco Growers, Inc.*

## EXHIBIT A—ACKNOWLEDGEMENT

      I hereby certify that (i) I understand that discovery material and/or Confidential Information are being provided to me pursuant to the terms and restrictions of the Protective Order entered by the United States District Court for the Eastern District of North Carolina in *Optima Tobacco Corporation v. U.S. Flue-Cured Tobacco Growers, Inc. and UETA, Inc.*, Case No. 5:16-CV-00889-D, and (ii) I have read said Protective Order. I further certify that I understand the terms of the Protective Order, that I agree to be fully bound by the Protective Order, and that I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Protective Order. I understand that a violation of the Protective Order may be punishable by contempt of Court.

Dated: _____

Signature: _____

Name: _____

Address: _____

_____

_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COURT'S APPROVAL AND MODIFICATIONS

This Protective Order is the subject of the parties' motion (D.E. 83) for entry thereof in the form proposed at D.E. 83-1. The court hereby ALLOWS the motion, and APPROVES and ADOPTS the foregoing terms of this Protective Order, subject to the following modifications:

1. In order for any document, information, testimony, or other material to be eligible, under paragraph 3 of the Protective Order, for designation as "Confidential," the party seeking to make such designation must believe in good faith that such material qualifies for protection under Federal Rule of Civil Procedure 26(c).

2. The return of trial exhibits by the court shall be governed by Local Civil Rule 79.1, E.D.N.C., notwithstanding any contrary terms in this Protective Order, including any such terms in paragraph 15.

SO ORDERED, this 9th day of May 2018.

James E. Gates
United States Magistrate Judge