IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-889-D

| | |
|---|---|
| OPTIMA TOBACCO CORP., a Florida corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     **ORDER** |
| | ) |
| U.S. FLUE-CURED TOBACCO GROWERS, INC. and UETA, INC., | )<br>)<br>) |
| Defendants. | ) |

This case comes before the court on two motions (D.E. 95, 103) filed by defendants U.S. Flue-Cured Tobacco Growers, Inc. and UETA, Inc. (collectively "defendants") and unopposed by plaintiff Optima Tobacco Corporation ("plaintiff") to seal certain materials filed in support of defendants' motions for summary judgment (D.E. 90, 92). The motions to seal are supported by memoranda. *See* D.E. 96, 104. For the reasons set forth below, the court will allow the motions to seal in part and deny them in part.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Doe*, 749 F.3d at 267. Here, as noted, the

materials sought to be sealed were filed in connection with defendants' motions for summary judgment, and therefore the right of access at issue arises under the First Amendment. *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252-53 (4th Cir. 1988).

While the presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court, "[w]hen the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The burden of establishing the showing necessary to overcome a First Amendment right of access falls upon the party seeking to keep the information sealed. *Id.* Specific reasons must be presented to justify restricting access to the information. *Id.* (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S.1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion")).

Here, this case arises from the alleged breach of a manufacturing agreement between the parties, which operate in an extremely competitive business. The manufacturing agreement contains a confidentiality provision and relates to confidential and proprietary business information. A consent protective order was entered in this case to maintain the confidentiality of information produced during discovery. Consent Prot. Ord. (D.E. 85). With consent of plaintiff, defendants seek to seal legal memoranda and other materials filed in connection with their motions for summary judgment that they contend are competitively sensitive and non-public and contain information about pricing costs, commissions, and territory provisions.

Defendants have demonstrated that the materials attached to their summary judgment motions (D.E. 91; D.E. 91-2 through 91-79; D.E. 97; D.E. 97-2 through 97-5; D.E. 100; D.E.

100-2 through 100-3) contain confidential business information that is subject to protection under a confidentiality provision in the manufacturing agreement and consent protective order in this case, is not generally available to the public, and does not bear importance to any public matters. Based on this showing, the court finds that the presumption of access to the attached materials has been overcome. *Wolfe v. Green*, No. 2:08-1023, 2010 WL 5175165, at *2 (S.D. W. Va. 15 Dec. 2010) (holding First Amendment right of access overridden with respect to proposed redactions that included personal financial information).

Conversely, defendants have not demonstrated that the memoranda of law filed in support of and opposition to the summary judgment motions (D.E. 91-1, 93, 97-1, 100-1, 102) need to be sealed in their entirety and are not amenable to redaction to protect the confidential information contained therein. *See Cochran v. Volvo Grp. N.A., LLC*, 931 F. Supp. 2d 725, (M.D.N.C. 2013) (denying motion to seal entire memorandum of law but ordering parties to file redacted version to protect sensitive information). Notably, the memoranda filed in support of defendants' previously filed motions to dismiss were not filed under seal and contain similar information. *See* D.E. 20, 30, 32, 34. Because of their importance to the case, sealing the memoranda in their entirety is not warranted. *See Knight v. Manufacturers & Traders Trust Co.*, 84 F. Supp. 3d 436, 446 (D. Md. 2015) ("'[T]his 'already strong presumption of access is further strengthened when a document directly affects an adjudication, such as a complaint in a motion to dismiss proceeding, as is the case here.'" (quoting *Tobacco Tech., Inc. v. Taiga Int'l. N.V.*, No. CCB-06-563, 2007 WL 172524, at *1 (D. Md. 17 Jan. 2007))).

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, the motions to

seal were filed on 30 November 2018 and 4 January 2019. No opposition to the motions has been filed despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the materials attached to the summary judgment motion contain confidential information not generally available to the public and not bearing importance to public matters, the court finds that alternatives to sealing them do not exist at the present time. The portion of defendants' motions seeking to seal these documents (D.E. 91; D.E. 91-2 through 91-79; D.E. 97; D.E. 97-2 through 97-5; D.E. 100; D.E. 100-2 through 100-3) will therefore be allowed.

The court is not persuaded, however, that redaction is not a suitable alternative to sealing the memoranda in their entirety. Accordingly, the portion of the motions seeking the sealing of the memoranda will be denied. The memoranda shall remain under seal, but the parties must file a proposed redacted version of them or file them as a publicly filed document, as set forth below, if they wish the memoranda to be considered in connection with the summary judgment motions.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that defendants' motions (D.E. 95, 103) to seal are ALLOWED IN PART and DENIED IN PART as follows:

1. The portion of defendants' motions seeking the sealing of materials attached to their motions for summary judgment (D.E. 91; D.E. 91-2 through 91-79; D.E. 97; D.E. 97-2 through 97-5; D.E. 100; D.E. 100-2 through 100-3) are ALLOWED, and the Clerk shall retain these materials under permanent SEAL.

2. The Clerk shall retain the copies of the unredacted memoranda (D.E. 91-1, 93, 97-1, 100-1, 102) under permanent seal in accordance with Local Civil Rule 79.2, E.D.N.C.

3. The portion of defendants' motions seeking the sealing of the memoranda is DENIED.

4. If defendants wish to have the memoranda considered by the court in connection with their summary judgment motions, they shall file by 30 August 2019 either (1) a proposed redacted version of each of the memoranda, accompanied by a motion to seal, or (2) the unredacted memoranda as a public document.

This 20 day of August 2019.

James E. Gates
United States Magistrate Judge